602 A.2d 464

**In re BOROUGH OF EDDYSTONE.**

**Appeal of Doris BERGANTZ et al., Appellants.**

Commonwealth Court of Pennsylvania.

Argued Nov. 22, 1991.

Decided Jan. 16, 1992.

Reargument Denied March 17, 1992.

Richard H. Anderson, for appellants.
Joseph P. Cronin, Jr., for appellee.

94

Before CRAIG, President Judge, McGINLEY, J., and LORD, Senior Judge.

CRAIG, President Judge.

Doris Bergantz, et al. (taxpayers) appeal a decision of the Court of Common Pleas of Delaware County granting the Borough of Eddystone's petition to levy an additional 107.5 mills for "police and public safety," in addition to other millage levies not questioned here. We affirm in part and reverse in part.

The issues in this case are (1) whether the taxpayers challenged the petition in the proper forum and (2) whether a borough may levy 107.5 mills for "police and public safety" despite the absence of any express reference to such a revenue purpose in The Borough Code[1], 53 P.S. §§ 45101–49313.

The facts of this case are as follows. On December 12, 1990, the borough filed a petition in the common pleas court to levy an additional five mills pursuant to § 1302(a) of the Code, 53 P.S. § 46302(a), which states:

§ 46302.

(a) The council of the borough shall have power, by ordinance, to levy and collect annually, a tax, not exceeding thirty mills for general borough purposes, unless the council by majority action shall, upon due cause shown by resolution, petition the court of common pleas, in which case the court may order a rate of not more than five mills additional to be levied and in addition thereto any of the following taxes....

In the same petition, the borough also sought court approval to levy an additional 107.5 mills for "police and public safety."

On February 1, 1991, the trial court granted the petition. The trial court relied upon two statutes for granting the borough's request to levy 107.5 mills: (1) § 1303 of the

1. Act of February 1, 1966, P.L. (1965), No. 1656, *as amended.*

Code, 53 P.S. § 46303, and (2) Act 111[2], an Act which grants collective bargaining rights to policemen and firemen.

On February 21, the taxpayers appealed to this court, seeking to overturn the trial court's decision approving the additional 107.5 mills. The taxpayers argue that the trial court did not have the authority to approve the additional 107.5 mills earmarked for police and public safety expenses. The taxpayers do not challenge the trial court's approval of the additional five mills pursuant to § 1302(a).

## *Jurisdiction*

The borough first argues that the taxpayers' appeal is beyond the scope of the trial court's order and therefore outside this court's appellate jurisdiction. The borough states that the trial court's order merely approved the five-mill increase pursuant to § 1302(a) of the Code, but did not authorize the new tax for "police and public safety." The borough states that the *borough* created the new tax and as such the taxpayer's proper forum for this controversy should be the court of common pleas.

The body of the order itself does not recite the 107.5 mill levy; however, the order in question states in the upper left corner:

IN RE

Petition of the Borough of Eddystone, Delaware County, Pennsylvania, for approval of millage for general purposes of thirty-five (35) mils; ... millage for police and public safety of one hundred seven and one-half (107½) mils....

Having thus lifted the 107.5 mills request as part of the petition, the order goes on to state that the trial court "grants the petition of the Borough of Eddystone...." Furthermore, the trial court, in its opinion, states that it granted to the borough the authority to levy the 107.5 mills

2. Act of June 24, 1968, P.L. 237, No. 111, *as amended.*

for police and public safety concerns by virtue of its February 1, 1990 order.

Therefore, the trial court did authorize the borough to levy the 107.5 mills for police and public safety purposes, and the taxpayers' appeal is properly before this court.

### *Whether the Trial Court's Approval of the Borough's Petition to Levy the 107.5 Mills for "Police and Public Safety" Was an Error of Law*

■ The taxpayers argue that the trial court committed an error of law in approving the borough's petition. The trial court stated it relied upon § 1303 of the Borough Code, 53 P.S. § 46303. Whether this section of the Code gives the trial court the authority to validate the borough's request to levy 107.5 mills for police and public safety is a question of first impression in this court.

Initially, we note that a borough's power to tax derives directly from the General Assembly, and the grant of such power may not be found by implication. *Mastrangelo v. Buckley*, 433 Pa. 352, 250 A.2d 447 (1969).

The statute in question, § 1303, states:

In addition to the levies provided for in the preceding section, when it shall be shown to the court that the corporate authorities refuse or neglect to levy a sufficient tax to pay the debts due by the borough, the court may, after ascertaining the amount of such indebtedness of the borough, direct a writ of mandamus to the proper officers of such borough to collect by special taxation an amount sufficient to pay the same in one or more annual installments, as may be adjudged reasonable by said court, during such years as may be required for the payment of the same.

This section of the Code does not support the trial court's actions in this case because § 1303 is inapplicable to the facts in this case. Section 1303 forces a borough to act when it has refused to do so, providing that if the trial court is shown that the borough *refuses* or *neglects* to levy a

sufficient tax to pay a debt, the trial court may force the borough, through mandamus, to levy an additional tax for that purpose. In this case, the borough, on its own accord, proposed the 107.5 mill levy for police and public safety.

The trial court in this case would have us read § 1303 so that a trial court may approve an *action* by the borough, when in fact, § 1303 seeks to remedy a borough's *inaction*.

Moreover, § 1303 does not authorize the creation of a new *category* of expenditure beyond those outlined in § 1302.[3] Therefore, the trial court erred in relying on § 1303.

■ The trial court also stated that it approved the borough's petition because of Act 111, an act authorizing collective bargaining by police and firemen, and *Tate v. Antosh*, 3 Pa.Commonwealth Ct. 144, 281 A.2d 192 (1971), a case implementing Act 111.

With regard to the political subdivision's duty to implement an arbitrator's award, § 7 of Act 111, 43 P.S. § 217.7, states:

§ 217.7

(a) The determination of the majority of the board of arbitration thus established shall be final on the issue or issues in dispute and shall be binding upon the public employer and the policemen or firemen involved.... Such determination shall constitute a mandate to the head of the political subdivision which is the employer, or to the appropriate officer of the Commonwealth if the Commonwealth is the employer, with respect to matters which can be remedied by administrative action, and to the lawmaking body of such political subdivision or of the Commonwealth with respect to matters which require legislative action, to take the action necessary to carry out the determination of the board of arbitration.

3. Section 1302 provides that boroughs may levy taxes for a number of borough services, but "police and public safety" is not listed among them.

The trial court also relied upon *Tate v. Antosh,* 3 Pa.Commonwealth Ct. 144, 281 A.2d 192 (1971). In *Tate,* the public employees of Philadelphia bargained collectively with the city and negotiated disability benefits. However, city council refused to appropriate sufficient funds for disability payments to the public employees. This court, citing Act 111, concluded that the city had a judicially enforceable duty to pay disability benefits to those entitled employees during the fiscal year of 1970–71. Further, the court directed that the city must appropriate sufficient funds to perform this duty, notwithstanding the exhaustion of the appropriation for this purpose in the 1970–71 budget. The court in *Tate,* relying upon Act 111, stated:

> Thus, all political subdivisions of the Commonwealth are constitutionally and statutorily mandated to put into effect, to the extent possible under their delegated authority, an award of an arbitration panel. As long as a political subdivision may legally perform a duty mandated by such award, it must perform such duty.

*Tate,* 3 Pa.Commonwealth Ct. at 153, 281 A.2d at 198.

However, *Tate* and Act 111 are distinguishable from this case because there is *no* arbitration award in this case. Furthermore, the testimony from the petition hearing indicates that the employees of the borough have individual contracts, and are not represented by bargaining units. Thus, Act 111 and the *Tate* case are inapplicable to the present case.

Accordingly, the decision of the trial court, approving the borough's plan to levy 107.5 mills, is reversed. The trial court's order in all other respects is affirmed.

## ORDER

NOW, January 16, 1992, the order of the Court of Common Pleas of Delaware County, No. A41–226–90, dated February 1, 1991, granting the borough's petition for 107.5 mills for police and public safety, is reversed. The order in all other respects is affirmed.